IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRYAN DEANGELO AROMAYE | § | |
| | § | |
| | § | |
| VS. | § | C.A. NO. 6:24-cv-188-JCB |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL | § | |
| CAPACITY, BUT SOLEY AS DELAWARE | § | |
| TRUSTEE FOR B4 RESIDENTIAL | § | |
| MORTGAGE TRUST | § | |

## DEFENDANTS' MOTION FOR JUDGMENT BASED ON THE PLEADINGS ON ALL CLAIMS OF PLAINTIFF BRYAN AROMAYE

Defendants, U.S. Bank Trust National Association, Not in its Individual Capacity, But Solely as Delaware Trustee for B4 Residential Mortgage Trust ("**Trustee**"), Fay Servicing, LLC ("**Fay**"), and RTL REO LLC ("**RTL**") (all are collectively referred to as "**Defendants**") file this Motion for Judgment on the Pleadings on all claims of Plaintiff, Bryan Deangelo Aromaye ("**Plaintiff**") and would respectfully show as follows:

## NATURE AND STAGE OF PROCEEDING

1.      This Motion seeks the dismissal of all claims of Plaintiff against Defendants.  This Motion does not seek relief with respect to the Trust's pending counterclaims, which will be addressed via summary judgment.

2.      Plaintiff, who does not have a valid claim of title to the subject property based on the allegations and exhibits attached to his Complaint, has filed suit against various parties attempting to assert various claim relating to an April 2, 2024 foreclosure sale on property located at 1004 Wildwood Way, Tool, Texas 75143 (the "**Property**").  As evidenced by Plaintiff's allegations, the Borrower under the loan at issue is Stand Strong Investments, LLC.   There is and can be no truthful allegation that Plaintiff has title to the Property.

3.      As evidenced by Plaintiff's live pleadings, Plaintiff was not the Borrower under the subject commercial loan.  See Dkt. 6-2-Deed of Trust executed by Borrower Stand Strong Investments, LLC attached to the Complaint.  Also, as evidenced by Plaintiff's allegations and the real property records of Henderson County, Texas, on May 1, 2023, Dominus Litis Express Trust Enterprises executed a quitclaim deed in favor of Fructus Naturales Revocable Trust.  See Plaintiff's Complaint at ¶ 28.[1]  Accordingly, Plaintiff cannot have any valid claim to title and has no standing to pursue the claims before the Court.

4.      On December 28, 2023 Plaintiff filed suit in state court against the Trust.  The Trust has no record of being served with the Original Petition filed in state court.  After filing its Answer, the Trust removed this case to Federal Court on May 28, 2024 based on both Federal Question and Diversity jurisdiction.  See Dkt. 1. The jurisdiction of the Court has not been challenged by Plaintiff.

5.      On July 8, 2024 the Court entered an Order requiring Plaintiff to amend his pleading in compliance with the Federal Rules of Civil Procedure by August 5, 2024.  See Dkt. 5.   On August 1, 2024, Plaintiff filed a document entitled "Plaintiff's Notice of Appearance and Motion to Join Necessary Parties and Motion to Quiet Title Action", which purports to be his live pleading in this action.  See Dkt. 6 (the "Complaint").  On August 8, 2024 Fay and the Trust filed their Answers to the Complaint.  See Dkt 7.  The Trust also filed its Counterclaims against Plaintiff, relating to one or more fraudulent documents filed by Plaintiff in the real property records of Henderson County, Texas.  See Dkt. 8.  On August 30, 2024, RTL filed its Answer to the Complaint.  See Dkt. 10.

---

[1]    Defendants request that the Court take Judicial Notice of the subject Quitclaim Deed which is recorded in the eal property records of Henderson County, Texas as Document No. 2023-00007992.

6.      Plaintiff has attempted to assert claims against Defendants for fraud, slander of title, violations of the Texas Deceptive Trade Practices Act ("DTPA"), conspiracy, "deprivation of rights under color of law", and quiet title.

7.      Since Plaintiff does not currently have any potential claim to title to the Property and is not the Borrower under the subject loan, he has no standing to pursue any claim relating to the foreclosure sale at issue and has no standing to pursue the claims he has attempted to assert. The claims asserted also fail based on the pleadings on alternative legal grounds.   All claims asserted by Plaintiff against Defendants should be dismissed with prejudice based on the pleadings.

## ARGUMENT AND AUTHORITIES

### A.      Legal Standards.

8.      A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial.[2]  Under Federal Rule of Civil Procedure 12(c), when standing is challenged on the basis of the pleadings, the court must accept all material allegations of the complaint and construe the complaint in favor of the complaining party.  A motion under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  The Court must limit its inquiry to facts stated in the complaint and documents either attached to or incorporated into the complaint.[3]  The "[f]actual allegations must be enough to raise a right of relief above the speculative level.[4]

9.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[5] "A claim has facial

---

[2]     *Mahlin v. U.S. Bank Nat'l Ass'n*, No. 3-11-CV-0342-M-BD, 2012 WL 2193666, at *1 (N.D. Tex. May 16, 2012), report and recommendation adopted at 2012 WL 2250142 (N.D. Tex. June 15, 2012), citing *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

[3]     *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561 (S.D. Tex. 2012), *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 266 (5th Cir. 2013) (internal quotations and citations omitted).

[4]     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[5]     *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,*

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]   While detailed factual allegations are not necessary, a party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]   While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]   Plaintiff's pleading in this instance fails to satisfy even the minimum standards for pleading any cause of action against Defendants and otherwise fails to state any potentially viable claims.

**B.      Plaintiff Has No Standing to Assert any claims relating to the subject Loan or Property.**

10.      In Texas, standing requires a "real controversy between the parties" that will be "actually determined by the judicial declaration sought."[9]   As a result, "a plaintiff may not sue for breaches of legal rights belonging to other parties."[10]

11.      Parties "must have both standing and capacity to bring a lawsuit."[11]   "[A] plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."[12]   In other words, "[t]he issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome,

---

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[6]      *Id.*

[7]      *Twombly,* 550 U.S. at 555.

[8]      *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 504 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

[9]      *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)

[10]      *Bowman v. Bank of New York Mellon Tr. Co., N.A.,* 2016 WL 258765, at *6 (Tex. App. Jan. 21, 2016).

[11]      *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).

[12]      *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.,* 46 S.W.3d 880, 884 (Tex. 2001) (quoting *Nootsie, Ltd. V. Williamson Cnty. Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996)).

whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.' "[13]

12.     Plaintiff does not allege that he was the Borrower under the subject loan and concedes he is not the current owner of the Property.  His Complaint includes exhibits showing that Plaintiff contends the current owner of the Property is Fructus Naturales Revocable Trust.  See Plaintiff's Complaint at ¶ 28.  Also, Plaintiff was not the Borrower under the loan made the basis of his claims.  See Dkt. 6-2-Deed of Trust.  For these reasons, Plaintiff has no standing to assert the claims at issue against Defendants relating to the Loan or Property and all of his claims should be dismissed with prejudice.

### C.     Plaintiff's Fraud Claim Otherwise Fails.

13.     Although unintelligible, Plaintiff has attempted to assert a fraud claim.[14]  Plaintiff's fraud claims fail under Federal Rule of Civil Procedure 9(b) since, even after an opportunity to amend he has not pled facts that are compliant with Rule 9(b).

14.     A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.[15]  Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity.[16]  "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[17]  "Put simply, Rule 9(b)

---

[13]   *Austin Nursing,* 171 S.W.3d at 848 (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure: CIVIL 2D § 1559 (2d ed. 1990)).

[14]   See Complaint at pp. 16-25

[15]   *McCall v. Genentech, Inc.,* 2011 WL 2312280, at *3 (N.D.Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir.1996)).

[16]   *See* Fed.R.Civ.P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 153 (5th Cir. 2010).

[17]   *Williams v. WMX Techs.,* 112 F.3d 175, 177 (5th Cir.1997).

requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim.[18] Plaintiff has wholly failed to include any of this required information in his Complaint which is fatal to his fraud claims.

15.     Additionally, the pleading defect cannot be cured because there is no set of facts on which Plaintiff could prevail on his fraud claim.   A claim for fraud requires: (1) a material misrepresentation, which was false, (2) that was either known to be false when made or was asserted without knowledge of its truth, (3) which was intended to be acted upon, (4) which was relied upon, and (5) which caused injury.[19]   A promise of future performance constitutes an actionable misrepresentation only if the promise was made with no intention of performing at the time it was made.[20]

16.     Plaintiff has not and cannot truthfully allege the requisite facts to establish a fraud claim because he was not the Borrower under the subject mortgage, is not in title, and the rights and obligations under the subject loan are otherwise governed by written contract.

17.     Under Texas law, the statute of frauds usually bars the enforcement of contracts, including loan agreements, that exceed $50,000 in value " 'unless the agreement is in writing and signed by the party to be bound or by the party's authorized representative…' "[21]   That requisite written loan agreement determines a party's rights and obligations and supersedes and merges into the loan agreement all prior agreements between the parties.[22]  The statute of frauds bars and makes unenforceable oral modifications to a loan agreement under § 26.02 unless they fall within an

---

[18]   *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).
[19]   *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex.1998).
[20]   *Id.* at 48.
[21]   *Kiper v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 266 (5th Cir. 2013) citing *Grevious v. Flagstar Bank FSB,* Civ. A. No. H–11–246, 2012 WL 1900564, *5 (S.D.Tex. May 24, 2012), *quoting* Tex. Bus. & Com. Code § 26.02(b).
[22]   *Id., citing id. and* § 26.02(c).

exception to the statute of frauds or do not "'materially alter the obligations imposed by the original contract.' "[23]

18.     Accordingly, Plaintiff's attempted fraud claim fails because he has not only failed to plead with particularity, but has pled no factual allegations that could satisfy the essential elements of a fraud claim.  Further, any pleading amendment would be futile because any fraud claim predicated upon alleged representations by Defendants, if any, would fail under the statute of frauds.  For these multiple and alternative reasons, Plaintiff's attempted fraud claim should be dismissed.

### D.      Plaintiff's Slander of Title Claim Otherwise Fails.

19.     Plaintiff, who can't truthfully allege he has title to the Property, attempts to assert a slander of title claim.[24]  Plaintiff's slander of title is unintelligible and fails to state a claim.  First, Plaintiff 's own evidence attached to his Complaint reveals that even under Plaintiff's version of the real property filings he cannot truthfully allege that he should currently have title to the Property.  This is so because he alleges in his Complaint that the Property was conveyed to an entity named, Fructus Naturales Revocable Trust.  See Plaintiff's Complaint at ¶ 28.  Therefore, cannot prevail on a slander of title claim.

20.     To state a claim for slander of title under Texas law, a plaintiff must allege: 1) the uttering and publishing of disparaging words; 2) falsity; 3) malice; 4) special damages; 5) possession of an estate or interest in the property disparaged; and 6) the loss of a specific sale.[25]

---

[23]   *Id., quoting Montalvo v. Bank of America Corp.,* 864 F.Supp.2d 567, 582 (W.D.Tex.2012); *see also Wiley,* 2012 WL 1945614, *6 ("both Texas and federal courts have concluded that, generally, both the original loan and any alleged agreement to modify the original loan are governed by section 26.02 and must be in writing.' ").
[24]   See Complaint at pp. 25-26.
[25]   *Kaechler v. Bank of Am., N.A.,* No. CIV.A. H-12-423, 2013 WL 127555, at *5 (S.D. Tex. Jan. 9, 2013) citing *Moye v. Fed. Home Loan Mortg. Corp.,* No. H–12–0502, 2012 WL 3048858, at *4 (S.D.Tex. July 25, 2012) (citing *Kiggundu v. Mortg. Elec. Registration Sys., Inc.,* No. 4:11–1068, 2011 WL 2606359, at *7 (S.D.Tex. June 30, 2011)).

21.     In addition to the lack of standing, Plaintiff has not alleged that Defendants made a false or malicious statement regarding the Plaintiff or the Property, nor has he alleged malice of any kind by Defendants.[26]  Plaintiff also has not and cannot allege that he lost a specific sale of the property as necessary to support a slander of title claim.[27]

**E.      Plaintiff Has not and Cannot Allege Facts that could Support a claim against Defendants under the DTPA.**

22.     Plaintiff has referenced alleged but unspecified violations of the Texas Deceptive Trade Practices Act ("DTPA") in his Complaint.[28]  Although Plaintiff does not otherwise allege facts that could legally support a claim under the DTPA against Defendants, Plaintiff cannot prevail on a DTPA claim regardless of how such claims are alleged because Plaintiff is not a "consumer" under the DTPA. To have standing to sue under the DTPA, a plaintiff must demonstrate he or she was a "consumer."[29]

23.     The DTPA defines a consumer as an individual "who seeks or acquires by purchase or lease, any goods or services."[30]  To qualify as a consumer, a plaintiff (1) must seek or acquire goods or services by purchase or lease, and (2) the goods or services purchased or leased must form the basis of the complaint.[31]

24.     Although Plaintiff is not the Borrower under the subject loan, it is black-letter law in Texas that "a person cannot qualify as a consumer if the underlying transaction is a pure loan

---

[26]   *See Davis v. Countrywide Home Loans, Inc.,* 1 F. Supp. 3d 638, 645–46 (S.D. Tex. 2014) citing *Storm Assocs., Inc. v. Texaco, Inc.,* 645 S.W.2d 579, 588 (Tex.App.-San Antonio, 1982) ("A claim of title does not constitute malice where the claim is made under color of title or upon reasonable belief that parties have title to the property acquired."), *aff'd sub nom. Friedman v. Texaco, Inc.,* 691 S.W.2d 586 (Tex. 1985).

[27]   *See Davis*, 1 F. Supp. 3d at 645–46 (S.D. Tex. 2014) citing *Elijah Ragira*, 301 S.W.3d at 759.

[28]   See Complaint p.28.

[29]   See *Cook-Pizzi v. Van Waters & Rogers, Inc.,* 94 S.W.3d 636, 644 (Tex. App.-Amarillo 2002, writ denied); *Rayford v. Maselli,* 73 S.W.3d 410, 411 (Tex. App.-Houston [1st Dist.] 2002, no writ); *Bohls v. Oakes,* 75 S.W.3d 473, 478 (Tex. App.-San Antonio 2002, writ denied).

[30]   See Tex. Bus. & Com. Code § 17.45(4) (West).

[31]   See *Sherman Simon Enterprises, Inc. v. Lorac Serv. Corp.,* 724 S.W.2d 13, 14 (Tex. 1987); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex. 1983).

because money is considered neither a good nor a service."[32]  This is true even if the loan is incidental to the purchase of a tangible good (such as a house); to qualify as a consumer, the complaint must be about that tangible good, not the loan.[33]

25.     A pure loan transaction lies outside the DTPA based on the logic that money is neither a good nor a service.[34]  A plaintiff complaining about alleged improprieties relating to his mortgage is not a consumer under the DTPA.[35]  Accordingly, even if Plaintiff was the Borrower under the subject loan, which the pleadings show he was not, he could not otherwise prevail on a DTPA claim.

26.     Plaintiff's DTPA claim also fails because he has not alleged facts that could constitute a DTPA violation by Defendants or any recognizable damages caused by any alleged DTPA violations by Defendants.  Accordingly, Plaintiff's DTPA claim fail based on the pleadings and any pleading amendment would be futile because Plaintiff is not a "consumer" under the DTPA.

### F.     Plaintiff's Conspiracy Claim Otherwise Fails.

27.     Plaintiff has attempted to assert a conspiracy claim.[36]  A civil conspiracy claim requires plaintiff to alleged and prove: (1) a combination of two or more persons who had (2) the

---

[32] *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159-160 (Tex. App.-Fort Worth 2007, pet. denied) (citation omitted).

[33] See *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707-08 (Tex. 1983).

[34] See *Riverside Nat. Bank v. Lewis,* 603 S.W.2d 169 (Tex. 1980).

[35] See *Custer v. Wells Fargo Bank, N.A.*, A-12-CV-056, 2013 WL 1926412, *9 (W.D. Tex. April 1, 2013) adopted 1:12-CV-056, 2013 WL 1932124 (W.D. Tex. May 3, 2013) aff'd, 559 F. App'x 314 (5th Cir. 2014) citing *Preston v. Seterus, Inc.,* 931 F. Supp.2d 743 (N.D. Tex. 2013) (dismissing DTPA claim because any claim arose out of home mortgage loan, servicing of loan, or requested modification of home loan and did not involve purchase or lease of goods or services); *Gamez v. Wells Fargo Bank, N.A.*, 4:11-CV-919, 2013 WL 960464, *5 (S.D. Tex. Mar. 12, 2013) (claim based on improprieties in loan modification services fails as such actions do not satisfy the goods or service element of DTPA); *Murphy v. Wells Fargo Bank, N.A.,* 14-11-00560-CV, 2013 WL 510129, at *7 (Tex. App.-Houston [14th Dist.] Feb. 12, 2013), review granted (June 20, 2014) (trial court did not err in granting summary judgment on DTPA cause of action based on alleged improprieties in failed refinancing of home mortgage and subsequent foreclosure).

[36] See Complaint at p. 30-32.

specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means; (3) a meeting of the minds on the object or the course of the action; (4) one or more unlawful, overt acts; and (5) actual damages as a proximate result of the conspiracy.[37]  Here, plaintiff has not alleged sufficient facts to show that Defendants had a specific intent to accomplish an unlawful purpose or a lawful purpose by unlawful means, much less the existence of one or more unlawful, overt acts. Additionally, because Plaintiff cannot show that an underlying "intentional tort" was committed, plaintiff has not alleged a claim for conspiracy.[38]

28.     Once again, Plaintiff fails to assert any facts that could support the essential elements of a conspiracy claim and such claim fails based on the pleadings.

**G.     Plaintiff Fails to State a Claim for "Deprivation of Rights Under Color of Law."**

29.     Plaintiff has included a reference to "Deprivation of Rights under Color of Law," in his Complaint.[39]  It is unclear what claim Plaintiff is attempting to allege, but regardless the allegations fail to state any legal recognizable claim.  To the extent Plaintiff was attempting to allege a claim under 42 U.S.C. § 1983, he has failed to alleged facts that could support any such claim.  By way of example, there is and can be no truth to the allegation that Defendants were acting under color of state law with respect to any act and the claim fails on that basis alone which is a jurisdictional prerequisite for any such claim.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." [40]

---

[37]   *ERI Consulting Eng'rs, Inc. v. Swinnea,* 318 S.W.3d 867, 881 (Tex.2010).
[38]   *Firestone Steel Products Co. v. Barajas,* 927 S.W.2d 608, 617 (Tex.1996).
[39]   See Complaint at pp. 32-34.
[40]   *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)).

30.     The claim otherwise fails due to Plaintiff's failure to allege facts supporting the essential elements of such claim.

**H.      Plaintiff Fails to State a Claim for Quiet Title.**

31.     Plaintiff attempts to assert a quiet title claim.[41]   However, as stated, he has alleged and the real property records reveal, that an entity named Fructus Naturales Revocable Trust claims to have title to the Property pursuant to a written and recorded Quitclaim Deed notwithstanding the subject foreclosure sale.[42]

32.     Under Texas law, a claim to quiet title requires that a plaintiff prove: (1) he or she has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable.[43]

33.     "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove."[44]   To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference."[45]   In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title.[46]

34.     Plaintiff has not alleged facts that could support a legally viable claim for quiet title against Defendants.   There are no discernable facts that could support a quiet title claim and therefore Plaintiff's quiet title claim fails based on the pleadings.

---

[41]   See Complaint at pp. 34-35
[42]   See Plaintiff's Complaint at ¶ 28.
[43]   See *Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016).
[44]   *Id.* citing *Ballard v. Allen,* No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.) (mem. op.).
[45]   *Id.* citing *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).
[46]   *Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)

## CONCLUSION

35.     Plaintiff's claims fail based on the standards applicable to motion for judgment on the pleadings.  Plaintiff lacks standing to pursue the claims asserted.  Additionally, and alternatively, Plaintiff has failed to allege the essential elements of the claims asserted even after the opportunity to amend his pleadings and his claims should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff's claims be dismissed with prejudice, and that Defendants recover such further relief to which this Court deems them to be justly entitled.

Respectfully submitted,

By:  /s/ Michael F. Hord Jr.
        Michael F. Hord Jr.
        Texas Bar No. 00784294
        Federal I.D. No. 16035
        Eric C. Mettenbrink
        Texas Bar No. 24043819
        Federal I.D. No. 569887
        HIRSCH & WESTHEIMER, P.C.
        1415 Louisiana, 36th Floor
        Houston, Texas 77002
        (713) 220-9182 Telephone
        (713) 223-9319 Facsimile
        Email: mhord@hirschwest.com
        Email: emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

On this 12th day of September 2024, I hereby certify that a true and correct copy of the foregoing Notice of Removal was served as follows:

Bryan Deangelo Eugene Aromaye Pro Se
610 Uptown Blvd., Suite 2000
Cedar Hill, Texas 75104
**Via Regular Mail, Email, and ECF**


/s/ Michael F. Hord Jr.
Michael F. Hord Jr.