IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRYAN DEANGELO EUGENE AROMAYE, Trustee of DOMINUS LITIS EXPRESS TRUST<br>Plaintiff,<br><br>Vs.<br><br>U. S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS DELAWARE TRUSTEE FOR B4 RESIDENTIAL MORTGAGE TRUST, SHERYL LAMONT, SHARON ST. PIERRE, DOMINION FINANCIAL SERVICES LLC, RIX SMITH, CARMELA STONE, TAWANA L GUY, CRYSTAL MALONE, FAY SERVICING, LLC, JASON KARESH WEISS, DECUBA & LEWIS LAW GROUP, P.A., MARY COMPANY, RTL REO LLC<br><br>Defendants. | <br><br>CIVIL ACTION NO.<br>6: 24-CV-00188-JCB |

### PLAINTIFF'S MOTION TO CHALLENGE STANDING OF DEFENDANT'S LEGAL COUNSEL

#### I. INTRODUCTION

Plaintiff, Bryan Aromaye as Trustee of the Express Trust, respectfully moves this Court to challenge the standing of Defendant's legal counsel to represent the Defendant as an artificial entity in this matter. This motion is based on the failure of Defendant's counsel to demonstrate

proper standing and authority or provide an Anti-Bribery Statement, establish an Agency Relationship, and register as a Foreign Agent as required by law. Additionally, It is presumed that Defendant's counsel is an officer of the court who has taken an oath establishing public trust to uphold the Constitutions of the states and the interest of the public before his own. While at the same time, Defendant's counsel is representing multiple separate artificial entities. One that is a law firm and the other is a bank for financial gain through false representation of artificial entities that are civilly dead and have no rights protected under the Constitution, as mentioned in H.J.Res. 48[1], poses a conflict of interest for a servant can not serve two masters.

## II. LEGAL BASIS

1. **Lack of Authority**: Defendant's counsel has failed to provide documentation demonstrating their authority to represent the Defendant, as required under Texas law and the Federal Rules of Civil Procedure.

2. **Anti-Bribery Statement**: Under Texas Government Code § 572.051, legal representatives must submit an anti-bribery statement. Defendant's counsel has not complied with this requirement.

3. **Agency Relationship**: According to the Texas Disciplinary Rules of Professional Conduct, Rule 1.02, an attorney must establish a clear agency relationship with their client. Defendant's counsel has not provided evidence of such a relationship.

4. **Foreign Agent Registration**: Under the Foreign Agents Registration Act (FARA), 22 U.S.C. § 611 et seq., any agent representing a foreign principal must register with the

---

[1] House Joint Resolution 48: Proposing an amendment to the Constitution of the United States providing that the rights extended by the Constitution are the rights of natural persons only.

Department of Justice. Defendant's counsel has not provided proof of such registration or any reason why they are not required to register.

5. **Officer of the Court**: It is presumed that Defendant's counsel is an officer of the court who has taken an oath to uphold the Constitution[2].

6. **Representation of Multiple Artificial Entities**: Defendant's counsel is representing multiple separate Artificial entities. Neither of the artificial entities have any rights protected under the Constitution, as proposed in H.J.Res.-48. Both entities are corporations foreign to the U.S. corporation and are conspiring to deprive a natural person of rights protected by the Constitution.

### III. SUPPORTING CASE LAW

1. **Lack of Authority**: In *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989), the court held that a motion to disqualify counsel is appropriate when an attorney seeks to represent an interest adverse to that of a former client without proper authority.

2. **Anti-Bribery Statement**: The requirement for an anti-bribery statement is supported by Texas Government Code § 572.051 and the Texas Secretary of State's Form 2201[3].

3. **Agency Relationship**: The necessity of establishing an agency relationship is outlined in *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007), which emphasizes the importance of clear representation authority.

---

[2] Texas Constitution, Article 16, Section 1: This section outlines the general requirements for all elected or appointed officers in Texas. They must take an oath to faithfully execute the duties of their office and to preserve, protect, and defend the Constitution and laws of the United States and Texas.

[3] Commentary for Form 2201: Pursuant to art. XVI, Section 1 of the Texas Constitution, the Oath of Office may not be taken until a Statement of Officer (see Form 2201) has been subscribed to and, as required, filed with the Office of the Secretary of State. Additionally, gubernatorial appointees who are appointed during a legislative session may not execute their Oath until after confirmation by the Senate. Tex. Const. art. IV, Section 12.

4. **Foreign Agent Registration**: The Foreign Agents Registration Act (FARA) mandates registration for agents of foreign principals, as detailed in 22 U.S.C. § 611 et seq. and further clarified by the Department of Justice.

5. **Conspiracy to Deprive Rights**: Under 42 U.S.C. § 1985, it is unlawful for two or more persons to conspire to deprive any person of the equal protection of the laws or of equal privileges and immunities under the laws.

## IV. QUESTIONS FOR THE COURT

1.) Who is the attorney practicing law actually representing? The public interest or the interest of artificial entities?

2.) Does an attorney have authority to represent an artificial entity while under Oath to protect the interest of the public?

3.) Does an artificial entity have rights protected under the Constitution while being represented by an officer of this court?

4.) Is there a potential for fraud or misrepresentation upon this court by an imposter against the public interest?

5.) Is an imposter defending a lawsuit under false pretense while upholding the interest of the public?

6.) Is an imposter attempting to defend this lawsuit for financial gain against the public interest of a natural person?

7.) Is an imposter defending this lawsuit in an attempt to deprive a natural person of rights protected under the Constitution?

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court disqualify Defendant's legal counsel from representing the artificial entity while under oath which would pose a conflict of public interest in this matter dealing with a natural person until Defendant"s counsel can lawfully comply with the aforementioned legal requirements before moving forward in this case.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO CHALLENGE STANDING OF DEFENDANT'S LEGAL COUNSEL

## I. INTRODUCTION

Plaintiff, submits this Memorandum of Law in support of the Motion to Challenge the Standing of Defendant's Legal Counsel. This motion is based on the failure of Defendant's counsel to demonstrate proper authority, provide an anti-bribery statement, establish an agency relationship, and register as a foreign agent as required by law. Additionally, Defendant's counsel claims to be an officer of the court who has taken an oath to uphold the Constitution while accepting financial gain by representing a fictitious entity that has no rights protected under the Constitution, as mentioned in H.J.Res. 48.

## II. LEGAL BASIS

1. **Lack of Authority**

Defendant's counsel has failed to provide documentation demonstrating their authority to represent the Defendant, as required under Texas law and the Federal Rules of Civil Procedure. In *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989), the court held that a

motion to disqualify counsel is appropriate when an attorney seeks to represent an interest without proper authority. Similarly, in *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235 (3d Cir. 2012), the necessity of proper authority and standing in federal court was emphasized.

2. **Anti-Bribery Statement**

Under Texas Government Code § 572.051, legal representatives must submit an anti-bribery statement. Defendant's counsel has not complied with this requirement. The Texas Secretary of State's Form 2201 further supports this requirement.

3. **Agency Relationship**

According to the Texas Disciplinary Rules of Professional Conduct, Rule 1.02, an attorney must establish a clear agency relationship with their client. Defendant's counsel has not provided evidence of such a relationship. The necessity of establishing an agency relationship is outlined in *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007), which emphasizes the importance of clear representation authority.

4. **Foreign Agent Registration**

Under the Foreign Agents Registration Act (FARA), 22 U.S.C. § 611 et seq., any agent representing a foreign principal must register with the Department of Justice. Defendant's counsel has not provided proof of such registration.

5. **Officer of the Court**

It is presumed that Defendant's counsel is an officer of the court who has taken an oath to uphold the Constitution betraying public trust. This oath of office that is required to be filed with the

Office of the Secretary of State is considered filed once it has been received by the office as stated on form 2204[4].

### 6. Representation of a Fictitious Entity

Defendant's counsel is representing a fictitious entity that has no rights protected under the Constitution, as proposed in H.J.Res. 48. This entity is a corporation foreign to the U.S. corporation and is conspiring to deprive a natural person of rights protected by the Constitution.

### 7. Conspiracy to Deprive Rights

Under 42 U.S.C. § 1985, it is unlawful for two or more persons to conspire to deprive any person of the equal protection of the laws or of equal privileges and immunities under the laws.

### 8. Fourteenth Amendment, Section 1 of the US Constitution

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

### REQUEST FOR RELIEF

---

[4] **Form 2204- Oath of office(General Information)**
An oath of Office that is required to be filed with the Secretary of State is considered filed once it has been received by this office. The Oath of Office may be administered to you by a person authorized under the provisions of Chapter 602 of the Texas Government Code. Authorized persons commonly used to administer oaths include notaries public and judges.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court to grant the Motion to Challenge the Standing of Defendant's Legal Counsel and in support thereof respectfully requests that this motion will be decided on its content, meaning, merit, and not on its form and provide other relief as requested.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court disqualify Defendant's legal counsel from representing the artificial Defendant in this matter until they comply with the aforementioned legal requirements.

## AFFIDAVIT AND DECLARATION

I, **BRYAN DEANGELO EUGENE AROMAYE**, hereby declare under the penalty of perjury under the laws of United States of America and the State of Texas that on Tuesday, September 24, 2024 all undersigned statements with in this Motion to Challenge Standing of Defendant's legal Counsel to be true and correct in this Motion, and I, **BRYAN DEANGELO EUGENE AROMAYE**, am of sound mind, competent, of legal age to state the matters set forth herein, that the contents are true, correct, complete, and certain, admissible as evidence, and reasonable and just in accordance with Affiant's best firsthand knowledge and understanding of the events that took place.

1.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Public Record as it is by definition and by definition has no standing or merit in presentable or material fact.

2.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Public Service as it is by definition and by definition has no standing or merit in presentable or material fact.

3.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Public Oath as it is by definition and by definition has no standing or merit in presentable or material fact.

4.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Immunity as it is by definition and by definition has no standing or merit in presentable or material fact.

5.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Summons as it is by definition and by definition has no standing or merit in presentable or material fact.

6.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Custody as it is by definition and by definition has no standing or merit in presentable or material fact.

7.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Court of Guardians as it is by definition and by definition has no standing or merit in presentable or material fact.

8.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Court of Trustee as it is by definition and by definition has no standing or merit in presentable or material fact.

9.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Government as Executor/Beneficiary as it is by definition and by definition has no standing or merit in presentable or material fact.

10.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Agent and Agency as it is by definition and by definition has no standing or merit in presentable or material fact.

11.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Incompetence as it is by definition and by definition has no standing or merit in presentable or material fact.

12.) I, **BRYAN DEANGELO EUGENE AROMAYE**, the undersigned formally challenge the Presumption of Guilt as it is by definition and by definition has no standing or merit in presentable or material fact.

With the above mentioned in mind, I formally challenge the presumption of law and as I have formally challenged all twelve presumptions of law then the presumption of law formally has no substance in material FACT.

I will recognize the rule of law, when and only when there is the material evidence of, that assumed rule of law has some material evidence of substance in presentable material fact.

Until then, the search for the rule of law, that has some credibility in material fact: continues.

Dated this Tuesday, September 24, 2024

/s/
BRYAN DEANGELO EUGENE AROMAYE
610 UPTOWN BLVD. SUITE 2000

CEDAR HILL, TEXAS 75104

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the following was served on this 24th day of September 2024 via CERTIFIED MAIL U.S. Mail on:

Michael F. Hord Jr.
State Bar No. 00784294
Federal I.D. No. 16035
Eric C. Mettenbrink
State Bar No. 24043819
Federal I.D. No. 569887
HIRSCH & WESTHEIMER, P.C.
1415 Louisiana, 36th Floor
Houston, Texas 77002-2772
Telephone (713) 220-9182
Facsimile (713) 223-9319
Email: mhord@hirschwest.com
Email: emettenbrink@hirschwest.com
*ATTORNEYS FOR DEFENDANT*

De Cuba & Lewis, P.C.
Nicki Compary, Attorney at Law
1999 N. University Drive, Suite 204
Coral Spring, FL 33071

CT Corporation System
% U. S. BANK TRUST NATIONAL ASSOCIATION,
 NOT IN ITS INDIVIDUAL CAPACITY, BUT
 SOLELY AS DELAWARE TRUSTEE FOR
B4 RESIDENTIAL MORTGAGE TRUST
1999 Bryan St., Ste 900
Dallas, Texas 75201-3136

CT Corporation System
% SHERYL LAMONT Substitute Trustee
of US BANK TRUST NATIONAL ASSOCIATION
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136

CT Corporation System
SHARON ST. PIERRE Substitute Trustee
of US BANK TRUST NATIONAL ASSOCIATION
1999 Bryan St., Suite 900
Dallas, Texas 75201-3136

Registered Agent Solutions, Inc
℅ FAY SERVICING LLC,
5301 Southwest Parkway Suite 400
Austin, Texas 78735

Registered Agent Solutions, Inc
℅ CRYSTAL MALONE Assistant Secretary
of FAY SERVICING LLC,
5301 Southwest Parkway Suite 400
Austin, Texas 78735

JASON KARESH WEISS
9024 Marie Court
Lorton Virginia 22079

Intertrust Corporate Services Delaware Ltd.
℅ RTL REO, LLC
200 Bellevue Parkway Suite 210
Wilmington, DE 19809

_____ Aromaye, Bryan

BRYAN DEANGELO EUGENE AROMAYE

Pro Se Petitioner