IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRYAN DEANGELO AROMAYE, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 6:24-CV-00188-JCB |
| | § |
| v. | § |
| | § |
| U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS DELAWARE TRUSTEE FOR B4 RESIDENTIAL MORTGAGE TRUST, | § |
| | § |
| Defendant. | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the court is Plaintiff Bryan Deangelo Aromaye's amended complaint and request to join new parties. (Doc. No. 6.) On September 12, 2024, Defendant U.S. Bank Trust National Association, Not in Its Individual Capacity, But Solely as Delaware Trustee for B4 Residential Mortgage Trust (U.S. Bank) filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. No. 12.) Plaintiff did not file a response. Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and a recommendation for the disposition of the instant action. The court **RECOMMENDS** that Plaintiff's claims be **DISMISSED** with prejudice for the reasons set forth herein. The court **FURTHER RECOMMENDS** that Plaintiff's request to join additional parties should be **DENIED** for the reasons set forth herein.

**BACKGROUND**

This case, as originally filed, was about a foreclosure. Plaintiff, represented by counsel, initiated this action against U.S. Bank on December 28, 2023, in Henderson County, Texas state court to prevent U.S. Bank from foreclosing on Plaintiff's home. (Doc. No. 3.) Plaintiff alleged claims for breach of contract, negligence, violations of the Texas Property Code and the Real Estate Settlement Procedures Act, and attorneys' fees. *Id.* Five months later, U.S. Bank removed the action to the Eastern District of Texas. (Doc. No. 1.) After the court ordered Plaintiff to amend his complaint in accordance with the Federal Rules of Civil Procedure, Plaintiff, now proceeding *pro se*, filed his Notice of Appearance and Motion to Join Necessary Parties and Motion to Quiet Title Action. (Doc. No. 6.) This action asserted eleven new causes of action, none of which were the basis of Plaintiff's original complaint, and attempted to join twelve new parties (the "non-joined Defendants"). *Id.* The court has construed such filing as Plaintiff's attempt at an amended complaint and a motion for joinder. Plaintiff's amended complaint is the live complaint in this action.

I. **Factual Background**

Plaintiff's claims arise out of a series of events in the months leading up to the foreclosure sale of his home. (Doc. No. 8, ¶ 7.) Plaintiff alleges that in January 2021, Wendy B. Baker conveyed property located at 1004 Wildwood Way, Tool, Texas to Stand Strong Investments LLC, which Plaintiff is a member of. (Doc. No. 6-1, at 3.) A year later, Plaintiff alleges that he executed a quit claim deed on behalf of Stand Strong Investments conveying the property to the Dominus Litis Express Trust (the "Express Trust"), which Plaintiff serves as trustee for. (Doc. No. 6, at 13.) To finance the property, Plaintiff alleges that he executed a deed of trust and promissory note for $227,500.00, in favor of Dominion Financial Services (DFS). *Id.* at 12.

Plaintiff alleges that neither Jason Karesh Weiss—the trustee appointed for the deed of trust—or any DFS representative produced a "lawful signature" on the deed of trust. *Id.* Because of this lack of signatures, Plaintiff alleges he sent Weiss and DFS a Notice of Dishonor for Nonacceptance (Doc. No. 6-5, at 4) where Plaintiff unilaterally claimed that DFS's failure to comply with Texas law made his statement balance was zero. *Id.* at 5. Further, Plaintiff demanded a release of any and all liens on his property. *Id.* A couple weeks later, Plaintiff alleges that he issued DFS a Notice of Default and Certificate of Dishonor, where he informed DFS that their silence to his earlier notice equated to consent for Plaintiff to file a "lien release [o]n behalf of [DFS]." (Doc. No. 6-6, at 4.) Plaintiff alleges that DFS never responded to Plaintiff's notices.

Plaintiff alleges that he then filed a Substitution of Trustee Full Reconveyance where he self-released the lien on his property on behalf of DFS.[1] (Doc. No. 6-14, at 3.) Following this "release," Plaintiff alleges he created the Fructus Naturales Revocable Living Trust (the "Living Trust"), where he also serves as trustee. (Doc. No. 6-15, at 6.) After the Living Trust's creation, Plaintiff alleges that he executed a quitclaim deed on behalf of the Express Trust that conveyed the property to the newly formed Living Trust. *Id.* at 3–4.[2]

In August 2023, after the Express Trust conveyed the property, Plaintiff alleges that DFS fraudulently assigned the now "released" deed of trust and promissory note to U.S. Bank. (Doc. No. 6-8, at 3.) According to U.S. Bank, at some point Plaintiff defaulted on the loan, and thus, U.S. Bank issued Plaintiff a Notice of Foreclosure Sale and Appointment of Substitute Trustee. (Doc. No. 6-3.) The property was subsequently sold at a public auction in Henderson County, Texas after Plaintiff filed the instant lawsuit. (Doc. No. 8, at 2).

---

[1] In a separate claim before the court, U.S. Bank has filed a counterclaim against Plaintiff asserting that Plaintiff's filing of this self-release amounts to fraud under Texas law. (Doc. No. 8, at 1.) Deciding the merits of U.S. Bank's pending counterclaim does not alter the disposition of the current motion before the court.
[2] Plaintiff does not allege that he has ever owned the property in his name or individual capacity.

## II. Procedural History

On December 28, 2023, Plaintiff filed suit in Henderson County state court to contest the foreclosure. (Doc. No. 3.) Plaintiff asserted numerous claims against U.S. Bank and sought an injunction and a restraining order preventing U.S. Bank from executing the foreclosure sale. *Id.* Importantly, Plaintiff was represented by counsel at this time. *Id.* U.S. Bank subsequently removed the case to this court. (Doc. No. 1.) This court ordered Plaintiff to amend his complaint in accordance with the Federal Rules of Civil Procedure. (Doc. No. 5).

After the court ordered Plaintiff to amend his complaint, Plaintiff, now proceeding *pro se*, filed his Notice of Appearance and Motion to Join Necessary Parties and Motion to Quiet Title Action. (Doc. No. 6.) This action asserted eleven new causes of action—none of which were the basis of Plaintiff's original complaint or U.S. Bank's removal—and attempted to join twelve new defendants. *Id.* Plaintiff's amended complaint contests the validity of U.S. Bank's interest in the property and argues that U.S. Bank conspired with others to subject Plaintiff to an unlawful foreclosure. *Id.* at 15. Plaintiff, for the first time, asserts the following causes of action: (1) six counts of fraud; (2) slander of title; (3) violations of the Texas Deceptive Trade Practices Act (DTPA); (4) conspiracy against rights; (5) deprivation of rights under color of law; and (6) quiet title. *Id.* at 3. However, Plaintiff only includes U.S. Bank in his quiet title claim. *Id.* He alleges that the non-joined Defendants committed the remaining ten causes of action. *Id.*

The court construed such filing as Plaintiff's attempt at an amended complaint and a motion for joinder, and thus, Plaintiff's amended complaint is the live complaint in this action. The court, concerned about Plaintiff's amended complaint representing that Plaintiff was proceeding *pro se* in his capacity as trustee for the Express Trust, set this matter for a status conference to discuss whether Plaintiff had proper standing to pursue his claims. (Doc. No. 11.) After the issuance of the

court's order, but prior to the status conference, U.S. Bank moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiff fails to state any claim upon which relief can be granted. (Doc. No. 12.) The court held a status conference on October 1, 2024. (Doc. No. 15).

At the status conference, Plaintiff clarified that he was pursuing his claims in his capacity as trustee for the Express Trust. Hearing on U.S. Bank's Rule 12(c) Motion at 10:09, *Aromaye v. U.S. Bank Trust National Association, Not in Its Individual Capacity, But Solely as Delaware Trustee for B4 Residential Mortgage Trust*, No. 6:24-cv-188-JCB-JDL (E.D. Tex. Oct. 1, 2024). The court informed Plaintiff that a *pro se* nonattorney is summarily barred from representing a trust in federal court. *Id.* Thus, the court issued an order (Doc. No. 16, at 2) requiring Plaintiff to obtain counsel before proceeding in order to represent the interests of the Express Trust in accordance with Fifth Circuit precedent. (Doc. No. 16, at 2.) The court gave Plaintiff thirty days to do so, or the court warned that his claims would be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Further, the court informed Plaintiff that if he desired to proceed in his individual capacity in this matter, that he had thirty days to file a response to U.S. Bank's motion for judgment on the pleadings *Id.* The court noted that failure to do so would result in U.S. Bank's motion being treated as unopposed under the court's Local Rule CV-7(d). *Id.* Plaintiff failed to file a notice of attorney appearance or respond to U.S. Bank's motion.

## DISCUSSION

Although U.S. Bank brings its motion under Federal Rule of Civil Procedure 12(c), the motion fails to address the threshold issue of standing with respect to Plaintiff proceeding *pro se* on behalf of the trust and instead attacks the complaint on the sufficiency of the pleadings. (Doc. No. 12.) Because Plaintiff's amended complaint makes clear that this action is brought on behalf

of the trust or in Plaintiff's capacity as trustee,[3] which he further made unequivocally clear at the court's status conference, the court must first consider the standing issue as it implicates the court's subject matter jurisdiction over the claims.

I. **Standing**

Standing is an essential component of this court's subject matter jurisdiction. *Cadle Co. v. Neubauer*, 562 F.3d 369, 374 (5th Cir. 2009). It is so essential, that the court must raise the issue of standing *sua sponte* even if the parties fail to do so. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.2d 329, 331–32 (5th Cir. 2002) ("Although Article III constitutional standing was not raised by the parties . . . we must—where necessary—raise it sua sponte."); *see also Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir. 2020) (per curiam) ("[I]t goes without saying that we may *sua sponte* consider Article III standing."). The court does so here.

Plaintiff, proceeding *pro se*, lacks standing to bring claims in his capacity as trustee for the Express Trust. In federal court, a party may plead and conduct their own case personally or by counsel. 28 U.S.C. § 1654. Although an individual has the right to represent himself in federal court, or proceed *pro se* under this statute, a trust may only be represented by licensed counsel. *Prince v. Chow*, No. 4:12-cv-645, 2013 WL 150313, at *2 (E.D. Tex. Jan. 14, 2013), *aff'd*, 548 F. App'x 262 (5th Cir. 2013) ("Although Chow filed suit against Prince as a trustee of the Trust, Prince has no standing to appeal on behalf of the Trust because a nonattorney trustee may not represent a trust before the court."); *see also United States v. Dolenz*, No. 3:09-cv-13110-O, 2010 WL 428910, at *1 (N.D. Tex. Feb. 2, 2010) (collecting cases). Thus, a non-attorney, *pro se* plaintiff may not represent the interests of a trust or in his capacity as trustee "regardless of how close his

---

[3] It is important to note that Plaintiff's original complaint that he filed in Texas state court gave no indication that he was acting in his capacity as a trustee or on behalf of a trust. (Doc. No. 3.) However, for the first time in Plaintiff's amended complaint, he changed his party designation to read: "Bryan Deangelo Eugene Aromaye, Trustee of Dominus Litis Express Trust." (Doc. No. 6, at 1).

6

association with the [trust]." *See Intelligender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2011 WL 903342, at *6 (E.D. Tex. Mar. 15, 2011).

At the hearing on U.S. Bank's motion, Plaintiff confirmed that he was representing the Express Trust in his capacity as trustee, rather than his individual capacity. Hearing on U.S. Bank's Rule 12(c) Motion at 10:09, *Aromaye v. U.S. Bank Trust National Association, Not in Its Individual Capacity, But Solely as Delaware Trustee for B4 Residential Mortgage Trust*, No. 6:24-cv-188-JCB-JDL (E.D. Tex. Oct. 1, 2024). The court informed Plaintiff that he could not represent a trust *pro se* and ordered Plaintiff to retain counsel within thirty days in accordance with the Fifth Circuit's instructions in *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004). (Doc. No. 16, at 1–2.) Plaintiff failed to do so. Thus, because Plaintiff is not a licensed attorney, he may not represent the Express Trust in his capacity as trustee in this action and thus, his claims against U.S. Bank—the only defendant in this proceeding—are subject to dismissal. *Dolenz*, 2010 WL 428910, at *1.

For these same reasons, the court finds that Plaintiff's motion to join necessary parties (Doc. No. 6) should also be denied. As an initial matter, the court's order directing the filing of an amended complaint was not an invitation for Plaintiff to add additional defendants to this case or to present an entirely new case altogether. Rather, as instructed, the court's order permitted Plaintiff an opportunity to amend his complaint in accordance with the federal pleading standards as to his case against U.S. Bank—the party that removed this action from state court. The court has serious concerns about the payment of the removal fee by the named Defendant being used by a *pro se* litigant to lodge a number of new claims and new parties into a federal action without the plaintiff being required to pay the fee or requesting to proceed *in forma pauperis*.

Nonetheless, because Plaintiff lacks standing to proceed in this action against U.S. Bank, he also lacks standing to file pleadings to join other parties in his capacity as trustee. *See Calvin, Tr., Rodgers Fam. Tr. of Ariz. v. Jackson*, No. 4:22-CV-00329-O-BP, 2022 WL 4281016, at *1 (N.D. Tex. Aug. 17, 2022), *report and recommendation adopted*, No. 4:22-CV-00329-O, 2022 WL 4280644 (N.D. Tex. Sept. 15, 2022) ("The Motions are not properly before the Court because Calvin cannot legally present them on behalf of the Trust."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (explaining that because the pro se defendant declined to hire counsel to represent the corporation, the district court properly struck her pleaded defenses); *United States v. Brown*, 197 F. Supp. 2d 574, 574 (W.D. La. 2002) (explaining that the court was unable to consider the corporations' motions because the corporation was represented by pro se nonattorneys). As one court explained, "[t]his rule . . . protects the court and the public from irresponsible behavior by lay advocates who lack many of the attorney's ethical and legal responsibilities and who often are incapable of presenting legal arguments in an articulate, concise manner." *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986). Thus, the court lacks subject matter jurisdiction over Plaintiff's motion to join necessary parties.[4]

Accordingly, the court finds that Plaintiff's claim for quiet title against U.S. Bank should be dismissed and that Plaintiff's request to join additional parties should be denied.

## II. Further Amendment

Plaintiff has already filed one amended complaint in this case and allowing him an opportunity to further amend his complaint would be futile. Federal Rule of Civil Procedure 15 permits a plaintiff to amend his complaint once "as a matter of course." FED. R. CIV. P. 15(a)(1)–

---

[4] Similarly, Plaintiff filed a motion challenging the standing of U.S. Bank's legal counsel. (Doc. No. 13.) For the same reasons the court lacks subject matter jurisdiction over Plaintiff's motion to join new parties, the court also cannot consider Plaintiff's motion challenging the standing of U.S. Bank's legal counsel.

8

(2). However, for further amendments, a plaintiff can only do so "with the opposing party's written consent or the court's leave." *Id.* The court prefers allowing amendment and "should freely give leave when justice so requires." *Id.* However, the court may deny leave to amend if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A complaint is futile when it fails to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

As an initial matter, Plaintiff has not requested to amend his complaint, nor has he filed a response to U.S. Bank's motion despite notice and opportunity to do so. In this case, allowing Plaintiff to amend his complaint to assert his quiet title claim in his individual capacity would be futile. Specifically, U.S. Bank argues that under Plaintiff's alleged facts, the Living Trust is the alleged claim holder, not Plaintiff. *Id.* Thus, U.S. Bank asserts because Plaintiff lacks a right, title, or ownership interest in the property, Plaintiff's quiet title claim is deficient. *Id.* Plaintiff alleges that he is the lawful owner of the property in question and that U.S. Bank has "attempted to assert adverse claims to Plaintiff's title through fraudulent means." (Doc. No. 6, at 34.) Specifically, Plaintiff alleges that U.S. Bank, among other things, recorded fraudulent documents in the Henderson County records against Plaintiff's property. *Id.*

In Texas, a quiet title action is one in equity. *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448 (Tex. App.—Austin 2006, pet. denied). In such an action, the plaintiff is seeking to remove a "cloud" that was allegedly created by an invalid claim to the plaintiff's rightful interest, right, or title in the property. *Id.* "A 'cloud' on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, that purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof." *Rodriguez v. Bank*

*of Am., N.A.*, No. SA-12-cv-00905, 2013 WL 1773670, at *8 (W.D. Tex. Apr. 25, 2013), *aff'd*, 577 F. App'x 381 (5th Cir. 2014).

To be successful on such a claim, the plaintiff, who bears the burden of proof, must show (1) he has an interest in a specific property, (2) title to that property is being affected by a claim, interest, or right by a defendant, and (3) the claim, interest, or right, although facially valid, is invalid or unenforceable. *See Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016). Plaintiff has failed to meet his burden.

To begin, Plaintiff's quiet title claim against U.S. Bank is futile because he lacks proper standing. The Fifth Circuit in *Reinagel v. Deutsche Bank National Trust Co.*, summarized the applicable rules under Texas law. 735 F.3d 220, 225–26 (5th Cir. 2013). The court noted that, generally, "a non-party to a contract cannot enforce the contract unless [he] is an intended third-party beneficiary." *Id.* (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007)). This issue, as the court explained, is often couched in principles of standing. *Id.* (citing *Neal v. SMC Corp.*, 99 S.W.3d 813, 817 (Tex. App.—Dall. 2003, no pet.)). However, the court acknowledged that a debtor may challenge an assignment "on any ground which renders the assignment *void*." *Id.* at 226, n.8 (emphasis added) (quoting *Tri–Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. App.—Hous. [1st Dist.] 1975, no writ)); *see also Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 (8th Cir. 2012) (recognizing that mortgagors can defend against foreclosure by establishing a fatal defect in the purported mortgagee's chain of title). Notwithstanding this rule, the "law is settled" that a debtor "cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment *voidable* at the election of the assignor . . . ." *Reinagel*, 735 F.3d at 225 (emphasis added).

In Texas, challenges to assignments based on fraud are voidable, not void. *Nobles v. Marcus*, 533 S.W.2d 923, 925 (Tex. 1976). Thus, if a non-signatory to the assignment is basing his challenge on the assignment in fraud, he lacks the standing to do so. *Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 517 (Tex. App.—Hous. [1st Dist.] 2014, no pet.) ("A third party lacks standing to challenge this voidable defect in the assignment.").

Here, Plaintiff alleges that U.S. Bank has attempted to assert adverse claims to his title "through fraudulent means, including [sic] but not limited to the recording of fraudulent documents upon the Henderson County Records." (Doc. No. 6, at 34.) Although not particularly clear, the court can ascertain that these "fraudulent documents" that Plaintiff refers to are assignments of the deed of trust and associated promissory note based on Plaintiff's amended complaint. *Id.* at 6 (explaining that Plaintiff is only suing U.S. Bank because U.S. Bank is claiming to be "current [m]ortgagee" via "two recorded corporate assignment[s] of deed of trust." (emphasis removed)).

Plaintiff, however, was not a party to the assignment. Instead, U.S. Bank and DFS were the sole parties privy to the assignment. (Doc. No. 6-8, at 3.) Further, Plaintiff has not alleged any facts indicating that he was an intended third-party beneficiary to the assignment. *See Reinagel*, 735 F.3d at 225–26 (explaining the third-party beneficiary exception). Thus, because he seeks to challenge U.S. Bank's assertion that they are current mortgagee of the deed of trust and promissory note because of "fraudulent" assignments, and he has not proved one of the noted exceptions apply, Plaintiff "lacks standing to challenge this voidable defect."[5] *See Nobles*, 533 S.W.2d at 927.

Furthermore, Plaintiff himself is not the owner of the property according to even his own factual allegations. (Doc. No. 6, at 14.) Plaintiff's amended complaint details a quit claim deed

---

[5] The court acknowledges that Texas courts "routinely allow a home owner to challenge the chain of assignments by which a party claims the right to foreclose." *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 830–31 (S.D. Tex. 2012). Even if this was Plaintiff's challenge, which the court struggles to construe from his amended complaint, as demonstrated below, Plaintiff is not the owner of the property even under his alleged facts.

where the Express Trust conveyed the property to the Living Trust on June 2, 2023. *Id.* Thus, even if Plaintiff could challenge the assignment of the deed of trust and promissory note to U.S. Bank, he is attempting to assert a legal right that belongs to another entity—a trust that he has no standing to represent. *See Bowman v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 05-13-01684-cv, 2016 WL 258765, at *6 (Tex. App.—Dall. Jan. 21, 2016, pet. denied).

Therefore, allowing Plaintiff to amend his complaint for a second time, even after the numerous instances the court has afforded him, would be futile because he lacks standing to pursue his quiet title claim.

## CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that Plaintiff's claims against U.S. Bank be **DISMISSED** with prejudice. The court **FURTHER RECOMMENDS** that Plaintiff's motion to join necessary parties (Doc. No. 6) be **DENIED** for the reasons stated above.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 21st day of November, 2024.**

12

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE