IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| BRYAN DEANGELO AROMAYE § | |
| § | |
| § | |
| VS. § | C.A. NO. 6:24-cv-188-JCB |
| § | |
| U.S. BANK TRUST NATIONAL § | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL § | |
| CAPACITY, BUT SOLEY AS DELAWARE § | |
| TRUSTEE FOR B4 RESIDENTIAL § | |
| MORTGAGE TRUST § | |

**DEFENDANT'S MOTION FOR DEFAULT JUDGMENT ON ALL COUNTERCLAIMS AGAINST PLAINTIFF BRYAN AROMAYE FOLLOWING CLERK'S DEFAULT**

Comes now Defendant/Counterclaimant, U.S. Bank Trust National Association, Not in its Individual Capacity, But Soley as Delaware Trustee for B4 Residential Mortgage Trust ("**Defendant**" or "**Trust**") and pursuant to Rule 55 of the Federal Rules of Civil Procedure, respectfully requests this Court to grant this Motion for Default Judgment against Plaintiff Bryan Deangelo Aromaye ("**Plaintiff**" or "**Counter-defendant**") and would show as follows:

**NATURE AND STAGE OF PROCEEDING**

1. This Motion for Default Judgment seeks a declaration of this Court that a fraudulent document signed and filed in the real property records of Henderson County, Texas by Plaintiff is void and of no effect.

2. On December 28, 2023 Plaintiff filed suit in state court against the Trust. After filing its Answer, the Trust removed this case to Federal Court on May 28, 2024 based on both Federal Question and Diversity jurisdiction. See Dkt. 1. The jurisdiction of the Court has not been challenged by Plaintiff.

3. On July 8, 2024 the Court entered an Order requiring Plaintiff to amend his pleading

in compliance with the Federal Rules of Civil Procedure by August 5, 2024.  See Dkt. 5.  On August 1, 2024, Plaintiff filed a document entitled "Plaintiff's Notice of Appearance and Motion to Join Necessary Parties and Motion to Quiet Title Action", which purports to be his live pleading in this action.  See Dkt. 6 (the "**Complaint**").  On August 8, 2024 Fay and the Trust filed their Answers to the Complaint.  See Dkt 7.  On the same date, the Trust also filed its Counterclaims against Plaintiff, relating to one or more fraudulent documents filed by Plaintiff in the real property records of Henderson County, Texas.  See Dkt. 8.  On August 30, 2024, RTL filed its Answer to the Complaint.  See Dkt. 10.

4. On September 12, 2024, Defendants, the Trust, Fay, and RTL (all are collectively referred to as "**Defendants**") filed their Motion for Judgment Based on the Pleadings on All Claims of Plaintiff.  See Dkt. 12.

5. On November 21, 2024, the Magistrate Judge issued his Report and Recommendations, recommending that all claims of Plaintiff be dismissed with prejudice.  See Dkt. See Dkt. 21.  That Report and Recommendations is pending.

6. On December 18, 2024, Defendant filed its Amended Request for Entry of Clerk's Default against Plaintiff on all counterclaims of Defendant against Plaintiff.  See Dkt. 23.

7. On December 20, 2024, a Clerks Entry of Default was entered against Plaintiff on Defendant's Counterclaims.  See Dkt. 24.

8. Defendant now moves for Final Default Judgment on Defendant's Counterclaims against Plaintiff.

## FACTUAL BACKGROUND

9. The property which is the subject of this lawsuit is described by its physical address of 1004 Wildwood Way, Tool, Texas 75143 (the "**Property**") as more particularly described in a

deed of trust ("**Deed of Trust**") signed by Stand Strong Investments, LLC ("**Borrower**"), recorded on January 26, 2022 as Document Number 2022-00001426 in the real property records of Henderson County, Texas (the "**Property**") in favor of the original lender, Dominion Financial Services, LLC ("**Dominion**").  See Exhibit 1-A. Notably, Plaintiff is not the Borrower under the subject Note, but is or was a member of the Borrower's LLC and presumably has or had a financial interest in same.

10. Defendant was the owner and holder of the subject note and the assignee of the Deed of Trust at all material times to this action and has record title to the Property as a result of the foreclosure of Defendant's first lien memorialized by the Deed of Trust.

11. Defendant became the mortgagee under the Deed of Trust as evidenced by a Corporate Assignment of Deed of Trust recorded in the real property records of Henderson County, Texas. as Document No. 2023-0023905.  See Exhibit 1-B.

12. On July 27, 2022, Plaintiff filed a fraudulent document in the real property records entitled "Substitution of Trustee Full Reconveyance" as document No. 2022-00014125 in the real property records of Henderson County, Texas (the "**Fraudulent Document**").  See Exhibit 1-C.

13. Plaintiff purported to sign the Fraudulent Document on behalf of Dominion, the original lender under the Deed of Trust, however Plaintiff had no authority to act on behalf of Dominion, nor did Plaintiff have any authority by any mortgagee under the Deed of Trust to sign or record any documents affecting the lien memorialized by the Deed of Trust.  See Exhibits 1 and 1-C.

14. The Fraudulent Document, although fraudulent and void, purports to give the impression that the lien secured by the Deed of Trust has been released, however the document

was prepared and filed by Plaintiff without the authority of Defendant or any actual mortgagee under the Deed of Trust.  See Exhibit 1.

15. In fact, the lien memorialized by the Deed of Trust was never released and the filing of the Fraudulent Document was a fraudulent scheme by Plaintiff designed to avoid Borrower's payment obligations under the loan memorialized by the Note and Deed of Trust.   See Exhibit 1.

16. Plaintiff falsely represented in the Fraudulent Document that he had authority to act under the Deed of Trust, when in fact he did not have such authority and could not have reasonably believed that he had any such authority.  The Fraudulent Document has placed a cloud on Defendant's lien rights and right to title to the Property and Defendant seeks clarification that the Fraudulent Document is of no effect as well as damages and attorney's fees causes by such wrongful conduct by Plaintiff.

17. Plaintiff now asks that a default judgment be rendered against Plaintiff in favor of Defendant for a declaration that the Fraudulent Document is void and of no effect.

## DISCUSSION

18. A default judgment may be rendered when (1) a party defaulted for failure to appear, (2) a party is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency, and (3) the damages are a sum certain or can be made certain by computation.[1]

19. A default judgment should be rendered against Plaintiff because he failed to timely file a responsive pleading in this action.

20. Defendant meets the procedural requirements for obtaining default judgment as demonstrated by the exhibits attached hereto and the Court's Records.

---

[1] See Exhibit "2"; 50 U.S.C. app. §521(b)(1); Fed. R. Civ. P. 55(a), (b); *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

21.   Plaintiff is not a minor or incompetent person.[2]   See Exhibit 2.

22.   Plaintiff is not in the military service.[3]   See Exhibit 2.

WHEREFORE, Defendant/Counterclaimant, U.S. Bank Trust National Association, Not in its Individual Capacity, But Soley as Delaware Trustee for B4 Residential Mortgage Trust, prays its Motion for Default be granted, that the Court find and declare that the Fraudulent Document is void and of no effect as requested via Defendant's Counterclaims, as well as such further to relief to which the Court deems Defendant to be entitled.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Michael F. Hord Jr.
Michael F. Hord, Jr.
State Bar No. 00784294
Email: mhord@hirschwest.com
Eric C. Mettenbrink
State Bar No. 24043819
Email: emettenbrink@hirschwest.com
1415 Louisiana, 36th Floor
Houston, Texas 77002
(713) 220-9182 Telephone
(713) 223-9319 Facsimile

**ATTORNEYS FOR DEFENDANTS**

---

[2]   Fed. R. Civ. P. 55(b).
[3]   See 50 U.S.C. app. §521(b).

20170194.20240338/5496154.1